UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANET L. NEWKIRK,<br><br>   Plaintiff,<br><br>-v-<br><br>AMERICAN COLLECTIONS ENTERPRISE, INC.,<br><br>   Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

  Plaintiff, Janet Newkirk, for her complaint against American Collections Enterprise, Inc., ("Defendant"), states as follows:

## NATURE OF THE ACTION

  1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), for Defendant's unlawful collection practices as more fully described in this complaint.

## JURISDICTION AND VENUE

  2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

  3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Eastern District of Virginia and the events and/or omissions giving rise to the claims made in this complaint occurred within the Eastern District of Virginia.

1

PARTIES

4. Plaintiff, Janet Newkirk ("Ms. Newkirk"), is a natural adult person residing in Woodbridge, Virginia, which lies within the Eastern District of Virginia.

5. Ms. Newkirk is a "consumer" as defined by § 1692a(3) of the FDCPA.

6. Defendant, American Collections Enterprise, Inc., is a Maryland company, having a Certificate of Authority to transact business in the Commonwealth of Virginia, in the business of collecting consumer debts on behalf of others within the State of Virginia and throughout the United States. As such, Defendant regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7. In its communications to consumers, Defendant identifies itself as a "debt collector".

8. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

10. As Ms. Newkirk was checking her credit report, she noticed numerous entries bearing Defendant's name that were reporting in a collection status. Relevant pages from Ms. Newkirk's Trans Union credit report, dated February 11, 2019, are attached to this complaint as Exhibit A.

11. Ms. Newkirk also noticed that Defendant had updated its reporting of the collection account appearing in her credit report as recently as February 7, 2019. *See* Exhibit A.

12. Ms. Newkirk did not recognize these accounts as belonging to her.

13. On or around February 11, 2019, Ms. Newkirk contacted Defendant via phone to ascertain more information about the numerous entries appearing in her credit report and the debts Defendant was attempting to collect from her (the "Phone Call").

14. During the Phone Call, Ms. Newkirk spoke with a Defendant's agent, who identified Defendant as a debt collector attempting to collect upon a debt.

15. During the Phone Call, Defendant's agent represented to Ms. Newkirk that she owed Defendant the following:

   a) A balance of $163.00 in connection with a debt Ms. Newkirk allegedly incurred to Association of Alexandria Radiology on or about May 2, 2012;

   b) A balance of $522.00 in connection with a debt Ms. Newkirk allegedly incurred to Association of Alexandria Radiology on or about November 30, 2012; and

   c) A balance of $450.00 in connection with a debt Ms. Newkirk allegedly incurred to Ortho Virginia on or about October 24, 2018. Cumulatively, stated with this Complaint as the "Subject Debts".

16. Defendant's agent attempted to collect payment of the Subject Debts from Ms. Newkirk during the Phone Call.

17. The applicable statute of limitations for the Subject Debt states, in relevant part:

   § 8.01-246. Personal actions based on contracts.

   Subject to the provisions of § 8.01-243 regarding injuries to person and property and of § 8.01-245 regarding the application of limitations to fiduciaries, and their bonds, actions founded upon a contract, other than actions on a judgment or decree, shall be brought within the following number of years next after the cause of action shall have accrued:

   4. In actions upon any unwritten contract, express or implied, within three years.

   Provided that as to any action to which § 8.2-725 of the Uniform Commercial Code is applicable, that section shall be controlling except

> that in products liability actions for injury to person and for injury to property, other than the property subject to contract, the limitation prescribed in § 8.01-243 shall apply.
>
> Code 1950, §§ 8-13, 8-17, 8-23; 1964, c. 219; 1966, c. 118; 1977, c. 617.

18. Thus, given the applicable three (3) year statute of limitations and the fact that the Subject Debts fell into delinquency on or around June 2, 2017; December 30, 2017; and November 24, 2018, respectively; as of February 11, 2019, the date of the Phone Call, the Subject Debts were time-barred debts, *i.e.*, it fell outside the applicable statute of limitations.

19. Despite the time-barred status of the Subject Debts, at no point during the Phone Call did Defendant's agent disclose or explain to Ms. Newkirk that the Subject Debts were time-barred or that Defendant could not sue Ms. Newkirk to collect them.

20. Despite the time-barred status of the Subject Debts, at no point during the Phone Call did Defendant's agent disclose or explain to Ms. Newkirk that by paying, or just agreeing to pay, any portion of the Subject Debts, or merely acknowledging the Subject Debts as valid, it could have the effect of resetting the applicable statute of limitations as to the Subject Debts, potentially subjecting Ms. Newkirk to further legal liability.

21. After a reasonable time to conduct discovery, Ms. Newkirk believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

22. In conjunction with Defendant's February 7, 2019, adverse credit reporting concerning the Subject Debts, Ms. Newkirk was misled by the Phone Call.

23. Ms. Newkirk justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debts and ultimately cause unwarranted harm to her credit or otherwise harm her economically

4

24. Ms. Newkirk justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful means in its attempts to collect the Subject Debt from her.

25. Due to Defendant's conduct, Ms. Newkirk was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26. Due to Defendant's conduct, Ms. Newkirk is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

27. All prior paragraphs are incorporated into this count by reference.

28. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

29. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call, in conjunction with its February 7, 2019, adverse credit reporting, by attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

5

30. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

31. Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she waived her rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

32. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

33. As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

34. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Janet Newkirk, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k;

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D.  Awarding Plaintiff such other and further relief as may be just and proper.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

Respectfully Submitted,

JANET L. NEWKIRK

By Counsel

PIKRALLIDAS LAW
10605 Judicial Drive, Building #A4
Fairfax, Virginia, 22030
Tel:    (703) 267-2600
Fax:    (703) 273-8046

_____/S/_____
Demetrios C. Pikrallidas, Esq. (VSB # 33872)
Email: DP@piklaw.com
Ryan M. Probasco, Esq. (VSB # 85431)
Email: RP@piklaw.com

*Counsellors for the Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF VIRGINA            )
                            ) ss
COUNTY OF PRINCE WILLIAM    )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Janet Newkirk, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___3/12/2019_____

DocuSigned by:
_____[signature]_____
766A615199D04E1...
Signature